## SUPREME COURT.

### ANDREW J. KRESS agt. SQUIRE W. ELLIS.

An execution against the person may be issued after the lapse of five years from the entry of the judgment without leave of the court, if an execution against property was issued and returned unsatisfied within that time, although more than five years have elapsed since the return of the latter execution.

*Wayne Special Term, July,* 1857.
MOTION to set aside an execution.

JAMES L. SEELEY, *for defendant.*
D. J. SUNDERLIN, *for plaintiff.*

T. R. STRONG, Justice. This is a motion to set aside an execution against the person of the defendant, under which he is imprisoned, on the grounds, first, that it was issued more than five years after the entry of the judgment, without leave

of the court; and, second, that it was issued without such leave more than five years after the issuing of any other execution on the judgment. The judgment was entered the 26th of June, 1851; an execution thereon against property was issued the 8th of July, and returned unsatisfied the 8th day of September in the same year.

By the Revised Statutes, (2 *R. S.* 363, § 1, 576, § 1,) an execution might be issued by a party within two years from the filing of the record of judgment; after that period a *scire facias* to obtain execution was necessary. Under these statutes it was well settled, that when an execution had been issued within the two years, a subsequent execution might be issued after that time without a *scire facias*, it being regarded by the court as a continuation of the first execution, and connected with it by regular continuances, which the court would allow to be entered at any time. And it was not necessary that the executions should be of the same species; a *ca. sa.* might be issued after the two years upon a *fi. fa.* previously issued within that time and returned. (*Graham's Prac.,* 2*d. ed.,* 350.)

By the Code, (§ 283,) execution may be issued within five years after the entry of the judgment, and by § 284, after the lapse of five years, only by leave of the court, upon motion, on notice.

In *Pierce* agt. *Crane,* (4 *How.* 257,) the same construction was given to the aforesaid provisions of the Code as had been given to those of the Revised Statutes, in regard to issuing subsequent executions, of course after the period limited, where a former one had been issued within that period. That case was followed in *M'Smith* agt. *Van Deusen,* (9 *How. Pr. R.* 245.) In *Currie* agt. *Noyes,* (1 *Code R.* (*N. S.*) 198,) it was held that an execution could not be issued after five years from the entry of the judgment, without special application, although a prior execution had been issued within the five years.

Until recently, these were the only reported decisions upon the question, as to the right of a party, without special leave of the court, to issue a second execution after five years, where the first had been issued within that time; and it is believed

Kress agt. Ellis.

that the two decisions first mentioned have, at least until quite lately, been generally followed in practice. Perhaps it would have been better, originally, to have conformed to the literal reading of the Code, and rejected, as not applicable to it, the construction given to the Revised Statutes, although it is difficult to see why, upon all just rules of interpretation, that construction should not be given to the sections named of the Code. But it is important the question should be settled; much more so than in what way. No great injustice could follow from settling it in either mode. If by any construction a rule should be adopted which should not prove satisfactory to the public, the legislature could readily change it. It is far better to abide by the earlier cases than that there should be conflict of decisions, and the true rule involved in doubt and uncertainty. Much embarrassment must be experienced by the profession, and much expense and loss incurred by parties, by their not having an established, certain and safe rule for their guidance in such cases.

For the reasons stated, I deem it my duty to follow the two decisions first referred to, notwithstanding some recent decisions of an opposite character, from sources entitling them to great respect, and shall do so on this motion.

If the first position of the defendant cannot be sustained, there is no force in the other position, that an execution cannot be issued, of course, more than five years after the issuing of a prior execution.

The motion is denied; but I cannot, on account of the conflict of decisions, impose upon the defendant the costs of opposing the motion.